**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
────────────────────────────────────────
**DANE IAN BONNEY,**

                **Plaintiff,**                00-cv-8270 (JGK)

    - against -                  <u>**ORDER**</u>

**JANET RENO, ET AL.,**

                **Defendants.**
────────────────────────────────────────

**JOHN G. KOELTL, District Judge:**

    The Court received the attached letter from Mr. Boney, which the Court forwards to the Federal Defenders for any appropriate action. If the Federal Defenders has any conflict, it should advise the Court.

**SO ORDERED.**

**Dated:**    **New York, New York**
            **July 14, 2020**                \_\_\_\_\_/s/ John G. Koeltl\_\_\_\_\_
                                                    **John G. Koeltl**
                                      **United States District Judge**

Goodday Honorable Judge Koeltl,

In good faith I send this letter, that we ask the Court to liberally view as a motion for the Courts intervention or reengagement of this matter. Initially it was this same Court and your honorable person who issued a Stay in the matter while the matter was yet undecided, this Stay was ignored and I was removed, i.e., deported.

As well as the Stay, the Court also appointed counsel, and herein resides my plea to this Court for the issuance of compliant counsel.

The eventuality of events came from the Second Circuit Court of Appeals which found that Aedpa had impermissible retro effect and vacated all the rulings of the BIA.

My Court appointed counsel informed me of this. Appropimately one year and five or six months after I received a call from counsel stating that the government said they will give me a 212c Waiver hearing and that the U.S. Marshall will pick

me up and take me to Sullivan State Correctional facility, of course I am thinking you have got to be crazy, this is August 2006; I was returned to Trinidad on 7th January 2002.

I informed my Court appointed Counsel that I was not going into any custodial agreement, he said he would relay this to whomever; within three hours to my surprise, I mean it was over a year and a half since the courts mandate. He stated the government insisted on custodial stipulations, I refused, he agreed for me without my consent. We had a curt and brief conversation where he stated that's what the government insisted and he found me another attorney.

Whether this has reliance there was a 1983 Civil action adjudicating the government one of which was that the matter was ongoing and as such no civil procedures can occur. This matter was dismissed in accordance with this law in August and in September, my appointed counsel agreed without my consent to everything it would seem.

My refusal to these stipulations would be verified by my ultimate refusal to turn myself in to the US Marshalls and the closing of the matter by the government.

Due to my 1983 Civil action that was being adjudicated, in 2008 I was sent parole papers in accordance with 71 Fed Reg 27587-88, I proceeded to JFK where

the aforementioned occurred. On returning to my country of birth, I initiated a inquiry by my wife member of Congress.

The end results of these actions was some how my wife was allowed to sit for my Adjustment of Status as was prescribed by 71 Fed Reg, this was approved and a pre approved visa was issued. At the interview in the embassy it was learned that ICE had placed a Final Order of deportation on my file. This was also inquired about with the response being an Administrative Error and for me to report to the Embassy. For what it was unclear to the administration in the embassy or myself since the ball should have been in their court. They indicated all flags were removed. This was in 2014 and the run around still continues as we have been waiting for another visa that has been approved in accordance with my matter, alas nothing since 2018. We have again sent another inquiry to the Oversight Committee of the House of Representatives and that is pending.

We have been open and persistent in these ~~matters~~ matters but we could use some muscle, as we ask the Court, once again, to hear our plea and assist in our quest for justice. We pray as we thank you for your time and the opportunity to believe someone will stand by the rules as they are written. Thank you.

Sincerely,
Dane L Boney  (868-265-6235)
Barbara Boney  (910-289-9672)

MANDATE

SDNY (New York)
00-cv-8270
Koeltl, DJ.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
DANE IAN BONNEY,

   Petitioner-Appellant,

   - v. -      Dkt. No. 03-2949-pr

JOHN ASHCROFT, U.S. Attorney General,

   Respondent-Appellee.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

  WHEREAS, petitioner-appellant, Dane Ian Bonney ("Bonney"), a native and citizen of Trinidad, filed the above-captioned appeal from a September 9, 2003 judgment entered by the United States District Court for the Southern District of New York, which denied Bonney's petition for a writ of habeas corpus ("habeas petition") challenging his final order of removal;

  WHEREAS, on April 3, 1984, Bonney pleaded guilty to robbery with a deadly weapon in the Circuit Court of the State of Maryland, County of Prince George, and was sentenced to a term of six years' imprisonment, with all but 18 months suspended, and five years' probation;

  WHEREAS, on April 19, 1994, Bonney was convicted after jury trial in the Supreme Court of the State of New York, Kings County, of criminal sale of a controlled substance, and was sentenced to a term of 7½ to 15 years' imprisonment;

  WHEREAS, in a decision dated April 30, 1998, the Board of Immigration Appeals ("BIA") affirmed an October 17, 1997 decision of an Immigration Judge ("IJ"), which held, inter alia, that Bonney had been rendered ineligible for relief under former § 212(c) of the Immigration and Nationality Act of 1952 ("INA"), by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, § 440(d), 119 Stat. 1214 (effective April 24, 1996),

Certified:

NOV 30 2005
TOTAL P.002

000413

pursuant to the Attorney General's decision in Matter of Soriano, 21 I. & N. Dec. 516 (A.G. Feb. 21, 1997) (AEDPA § 440(d) applied to limit the availability of § 212(c) relief for any aliens who were not already in deportation proceedings as of AEDPA's April 24, 1996 effective date);

WHEREAS, the district court held that although Matter of Soriano had been overruled, in part, by the Supreme Court's decision in INS v. St. Cyr, 533 U.S. 289 (2001) (repeal of § 212(c) relief impermissibly retroactive as applied to pre-AEDPA guilty pleas), and that § 212(c) relief remained available for Bonney's 1984 robbery conviction, such relief was not available for his 1994 jury trial conviction for criminal sale of a controlled substance pursuant to this Court's decision in Rankine v. Reno, 319 F.3d 93 (2d Cir. 2003) (elimination of § 212(c) not impermissibly retroactive with respect to decision to stand trial as opposed to plead guilty);

WHEREAS, the district court did not reach the Government's alternative argument that Bonney was independently ineligible for § 212(c) relief because at the time of the BIA's decision, Bonney had served more than five years' imprisonment for aggravated felonies if the terms of confinement for his 1984 and 1994 convictions were aggregated;

WHEREAS, during the pendency of Bonney's appeal of the district court's denial of his habeas petition:

1. This Court issued its decision in Restrepo v. McElroy, 369 F.3d 627 (2d Cir. 2004), which held that the elimination of § 212(c) relief would have an impermissible retroactive effect as to an alien who may have refrained from filing an affirmative § 212(c) application after his trial conviction and prior to AEDPA's enactment;

2. The Executive Office for Immigration Review issued regulations providing that, for the purpose of determining whether an alien is ineligible for § 212(c) relief

000414

under the five-year bar, the time an alien served for an aggravated felony (or felonies) obtained by guilty plea prior to November 29, 1990 would not be included in the calculation, see 8 C.F.R. § 1212.3(f)(4)(ii) (2004); and

3. This Court issued its decision in Edwards v. INS, 393 F.3d 299 (2d Cir. 2004), which held that prison time accrued for an aggravated felony conviction after the BIA wrongfully pretermitted an alien's application for § 212(c) relief under Matter of Soriano did not count for purposes of determining whether an alien is ineligible for § 212(c) pursuant to the five-year bar;

WHEREAS, Bonney claims in his appeal to this Court that he is eligible for § 212(c) relief, notwithstanding his trial conviction, pursuant to Restrepo; and

WHEREAS, at the time of the BIA's affirmance of the IJ's denial of Bonney's application for § 212(c) relief pursuant to Matter of Soriano, Bonney had not accrued five years' imprisonment for his 1994 conviction;

IT IS HEREBY STIPULATED AND AGREED, by and between the parties that:

1. The above-captioned petition for review shall be and hereby is dismissed with prejudice and without costs or attorney's fees to any party, pursuant to Rule 42(b) of the Federal Rules of Appellate Procedure.

2. The April 30, 1998 decision of the BIA shall be, and hereby is, vacated, and the matter remanded to the BIA, which, in turn shall remand the matter to an IJ for a hearing on Bonney's application for § 212(c) relief and a decision on the merits.

3. The Government will arrange for Bonney's travel to the United States for the purpose of attending his § 212(c) hearing.

Dated: New York, New York
November 22, 2005

                                  FEDERAL DEFENDERS OF NEW YORK, INC.

By: _/s/ Barry D. Leiwant_
BARRY D. LEIWANT, ESQ.
52 Duane Street, 10th Floor
New York, NY 10007
Telephone No.: (212) 417-8742

Dated: New York, New York
November __, 2005

                              MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for Respondent

By: _____
ANDREW M. McNEELA
Assistant United States Attorney
86 Chambers Street, 3d Floor
New York, NY 10007
Telephone: (212) 637-2741



RECEIVED
DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR
IMMIGRATION REVIEW
2006 JAN 10 P 3:25
BOARD OF
IMMIGRATION APPEALS
OFFICE OF THE CLERK

Page 4 of 4

**U.S. Department of Justice**  
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

---

File:   A031 133 180 - New York, NY

Date:   MAR - 6 2009

In re: DANE IAN BONEY a.k.a. Ian D. Bonney

IN DEPORTATION PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:   Pro se

APPLICATION:   Section 212(c) waiver of inadmissibility

ORDER:

The respondent, a native and citizen of Trinidad, appeals the Immigration Judge's decision dated December 2, 2008, denying his application for a waiver of inadmissibility under section 212(c) of the Act, 8 U.S.C. § 1182(c). The appeal will be dismissed. Regardless of the respondent's eligibility for such discretionary relief, we find for the reasons set forth in the Immigration Judge's decision that an exercise of discretion in favor of the respondent would not be warranted. *Matter of Goldeshtein*, 20 I&N Dec. 382 (BIA 1991); *see Matter of Burbano*, 20 I&N Dec. 872, 874 (BIA 1994); *Matter of Marin*, 16 I&N Dec. 581 (BIA 1978).

Accordingly, the respondent's appeal is dismissed.

_____  
FOR THE BOARD

Email: info@TelNeTtnt.com
Website: www.TelNeTtnt.com

**3 attachments**



Passport Entry.jpg
403K



Passport.jpg
380K



Document.jpg
567K

the United States, was out of the United States for more than five years, there are some unusual factual issues. The Court has considered how to deal with those factual issues, and I believe the best way, in the interest of justice and to be fair to the Respondent, is to essentially set that time aside for most purposes. I am not basing any decision on the fact that the Respondent having served seven years in New York State prison, then spent about seven years living in a different country from his close relatives. That would be weakening the Respondent's discretionary showing in this case based on a legal error through the Department of Justice, and that would clearly be wrong. It is necessary, to some extent, to take into account the fact that the Respondent lived in Trinidad for these years, but otherwise I've tried to set it aside from my decision, and we might say act as though it never really happened. [Not because I want to forget the error, but because I want the Respondent's case to be considered in the light it would be considered if he had not been mistakenly deported, and then allowed to come back to the U.S.]

The Respondent is required to show that he deserves the relief he is seeking, the 212(c) waiver, as a matter of discretion. Ordinarily, we say that the Court has to balance all the positive factors that are shown in the record against the negative factors, and determine whether it's in the interest of the community, or the country, that the Respondent be allowed to remain in this country.

A 31 133 180                                4                        December 2, 2008

copy

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANE IAN BONNEY,

          Petitioner,          00 Civ. 8270 (JGK)

  - against -               ORDER

JANET RENO, Attorney General,

          Respondent.

JOHN G. KOELTL, District Judge:

        Petitioner **Dane Ian Bonney**, appearing *pro se*, petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This case has been assigned to this judge as related to Nicholas v. Reno, 97 Civ. 6892.

        By Order dated May 15, 2000, Barry D. Leiwant, Esq., Attorney-in-Charge of The Legal Aid Society, Federal Defender Division, Appeals Bureau, was assigned in the interests of justice pursuant to 18 U.S.C. § 3006(a)(2)(B) to represent all pro se petitioners whose cases are accepted by the Court as related to Nicholas. Therefore, having accepted **00 Civ. 8270** as related to Nicholas, the Court appoints Mr. Leiwant to represent the pro se petitioner **Dane Ian Bonney** in all matters relating to his petition for a writ of habeas corpus.

        In order to preserve the Court's jurisdiction over this case, the Court has previously ordered that the petitioner's removal or deportation is **stayed** until further order of the Court

ursuant to this Court's Order of November 17, 1999.

ated:   New York, New York
        January 4, 2001



John G. Koeltl
United States District Judge

U.S. Department of Homeland Security
USCIS
301 ROYCROFT DRIVE
DURHAM, NC 27703



**U.S. Citizenship and Immigration Services**

Monday, October 1, 2012

BARBARA BONEY
279 DEER TRACK
BURGAW NC 28425

Dear Barbara Boney:

On 09/25/2012 you, or the designated representative shown below, contacted us about your case. Some of the key information given to us at that time was the following:

| | |
|---|---|
| **Caller indicated they are:** | Applicant or Petitioner |
| **Attorney Name:** | Information not available |
| **Case type:** | I130 |
| **Filing date:** | 05/04/2009 |
| **Receipt #:** | WAC-10-027-10902 |
| **Referral ID:** | T1B2691200083CSC |
| **Beneficiary (if you filed for someone else):** | Information not available |
| **Your USCIS Account Number (A-number):** | Information not available |
| **Type of service requested:** | Non-Delivery of Approval Notice |

The status of this service request is:

[On July 2, 2010, we created and mailed you an Approval Notice at the address we had on file at that time.] You have notified us that you have not received it and the post office has not returned it to us. We must conclude that it has been lost. If you need a copy of your approval notice for legal purposes, you will need to file Form I-824, Application for Action on an Approved Application or Petition. You can download this form from our website www.uscis.gov. If you already have a National Visa Center (NVC) case number, or with the USCIS receipt number you already have, you can check on your case status by directly contacting the NVC by telephone at 603-334-0700 or via email at NVCINQUIRY@state.gov.

If you have any further questions, please call the National Customer Service Center at 1-800-375-5283.

Please remember: By law, every person who is not a U.S. citizen and who is over the age of 14 must submit Form AR-11 AND notify this office of their change of address, within 10 days from when they move (persons in "A" or "G" nonimmigrant status are exempt from this requirement). To notify this office of a move, visit our website at: www.uscis.gov or call the National Customer Service Center at 1-800-375-5283. The Form AR-11 can be downloaded from our website or you can call the National Customer Service Center at 1-800-375-5283 and we can order one for you. Instructions for filing the Form AR-11, including mailing instructions, are included on the Form.

U.S. Citizenship and Immigration Services

U. S. Department of Homeland Security

United States Citizenship and Immigration Services
301 Roycroft Drive
Durham, NC 27703

Date: June 14, 2010
File Number: WAC1002710902

BARBA.
2630 NC
BURGAW

...se come to the office shown below at the time and place indicated in connection with an official matter.

| OFFICE LOCATION | 301 Roycroft Drive<br>Durham, NC 27703 |
|---|---|
| DATE AND HOUR | FRIDAY JULY 2, 2010 AT 9:30 AM |
| ASK FOR | Upstairs Waiting Room |
| REASON FOR APPOINTMENT | I-130 Petition for Immediate Relative |
| BRING WITH YOU | Any Requested Supporting Documents |

IT IS IMPORTANT THAT YOU KEEP THIS APPOINTMENT AND BRING THIS LETTER WITH YOU.
If you are unable to do so, state you reason, sign below and return this letter to this office at once.

| I am unable to keep the appointment because: | | Very truly yours, |
|---|---|---|
| SIGNATURE | DATE | Jeffrey Sapko<br>Field Office Director |

Form G-56 (Computer Generated)
(Rev. 5-1-83)Y

**PRIORITY MAIL EXPRESS**

OUR FASTEST SERVICE IN THE U.S.

USPS SDNY

EP13F July 2013  OD: 12.5 x 9.5
PS10001000006

FROM: (PLEASE PRINT)  PHONE (910) 285-9622

Dana S. Berry
c/o Bathea Berry
311 W. Fremont St.
Burgaw, NC
28425

TO: (PLEASE PRINT)  PHONE (212) 805-6107

Honorable John G. Koeltl
Daniel Moynihan U.S. Courthouse
500 Pearl St
New York, New York
10007-1312

ZIP+4 (U.S. ADDRESSES ONLY)
1 0 0 0 7 - 1 3 1 2

EJ 186 549 072 US

PO ZIP Code: 28425
Date Accepted (MM/DD/YY): 7-6-2020
Time Accepted: 09:42 PM
Flat Rate
Scheduled Delivery Date (MM/DD/YY): 7-7-2020
10:30 AM Delivery Fee: —
Scheduled Delivery Time: NOON
Postage: $26.35
Return Receipt Fee: —
Live Animal Transportation Fee: —
COD Fee: —
Insurance Fee: —
Total Postage & Fees: $26.35
Employee Signature: B

LABEL 11-B, MARCH 2019  PSN 7690-02-000-9996